# ZADOCK SASSCER *vs.* BENJAMIN WHITELY AND JAMES H. STONE.

A note was dated "*Baltimore*," and the maker and endorser both resided in "*Prince George's county.*" The protest states that the notary, "having ascertained that the maker had no residence or place of business in the city of Baltimore," went "to the court house, exchange, and post office, and could find no person at either of said places who would pay the note for honor or on account of the maker," and then protested it for non-payment, and addressed written notice to the endorser, informing him "it had not been paid, payment therefor having been demanded and refused," and that "he would be held responsible for the payment thereof:" that the notice to the endorser was addressed to him *at Baltimore*, and put in the post office there, the notary "having made diligent inquiry at the court house, post office, and exchange, and not being able to find any person at any of said places who could inform him where the endorser resided, or the post office nearest his residence." HELD:

That in the absence of proof of any custom existing in the city of Baltimore, as to the usual mode of making demand and giving notice of non-payment, and that the *holder knew* that the maker and endorser did *not reside* in that city, this notice was sufficient to bind the endorser.

Where a note is *dated* at a particular place, and no other place is designated as that of its negotiation and payment, the *presumption* is, that the maker resides where the note is dated, and that he contemplates payment at that place.

But this is *presumption only*, and if he resides elsewhere within the State when the note falls due, and this *is known to the holder*, demand must be made at the maker's residence or place of business.

Sasscer *vs.* Whitely & Stone.

APPEAL from the Circuit Court for Prince George's county.

*Assumpsit* by the appellees against the appellant, as endorser of a promissory note for $380, made by George Calvert, dated "Baltimore, February 16th, 1854," payable at six months after date, to the order of the defendant, and endorsed by him. Plea, *non assumpsit*.

*Exception.* The plaintiffs having proved the handwriting of the maker and endorser, offered in evidence the notarial protest as sufficient evidence of notice to the defendant to bind him in this action. This protest made on the 19th of August 1854, the day of the maturity of the note, by a notary public in the city of Baltimore, "at the request of Riggs, Benner & Co., bearers" thereof, states that "having ascertained that the maker of said promissory note has no residence or place of business in this city, I went to the court house, post office and exchange, and could find no person at either of said places who could pay the same for honor or on account of the maker of said note, wherefore I, the said notary, at the request aforesaid, have protested," &c., "for want of payment of said promissory note; thus done," &c.; "and on the same day I addressed written notices to the endorsers," &c., "and informed them that it had not been paid, payment therefor having been demanded and refused, and that they would be responsible for the payment thereof; notice for Zadock Sasscer, endorser, I addressed to him, Baltimore, and put the same in the Baltimore post office, having made diligent inquiry at the court house, post office, and exchange, and not being able to find any person who could inform me where the said endorser resided, or of the post office nearest to his residence; notice for Whitely Bros. & Stone, 1 left at their place of business." The defendant then offered testimony and asked an instruction to the jury, both of which, with the ruling of the court below (CRAIN, J.) thereon, and the court's opinion and instruction, are fully stated in the opinion of this court. The defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Daniel C. Digges* and *John M. S. Causin* for the appellant argued that the instruction of the court below was erroneous:

1st. Because the protest does not state *either a demand on the maker or any other person for his honor,* before protesting for non-payment. It states that he had ascertained that the maker had no residence in Baltimore, but does not state that he made any *inquiry as to the maker's place of residence.*

2nd. That the evidence discloses a want of due diligence in searching for knowledge of the residence of the endorser; because it is conceded that if inquiry had been made of the business men, banking institutions, or commission merchants in that city, *his place of residence could easily have been ascertained.* There was no custom proven, in absence of knowledge of residence, to make inquiry for it at the places stated in the protest, to wit, the court house, exchange, and post office, and nothing in reason or commercial usage shown to limit the inquiry to these places. As to what must be done *when the residence of the endorser is unknown,* and what constitutes *due diligence* in such cases, see, *Story on Bills,* secs. 235, 299, 328, 349, 352, 353, 360. *Chitty on Bills,* 453, 524, 525. 3 *Kent's Com.,* 120. 2 *Greenlf. on Ev.,* sec. 195. 5 *Binney,* 543, *Fisher vs. Evans. Byles on Bills,* 170. These authorities show that it was the duty of the notary to have enquired of the *other parties* to the note as to the residence of the defendant, and that *reasonable* diligence must be used to obtain the *knowledge,* and that if the protest states that he inquired at a *particular place* and got no information, it is not sufficient.

3rd. That the statement in the protest of information to the endorser that payment of the note had been demanded and refused, does not dispense with the evidence of the character of the demand, as contained in the protest, and if the character of the demand stated in the protest was not such as was required by law and commercial usage, the defect was not cured by informing the endorser *that such demand had been duly made upon, and payment refused by the maker.* 3 *Md. Rep.,* 257, *Nailor vs. Bowie. Act of* 1837, ch. 253.

*C. C. Magruder* for the appellees, argued:

1st. That the plaintiffs used *reasonable diligence* to ascertain the residence and *post office* of the defendant, and failed to do so, which is all the law and commercial usage require in such cases, and both dispense with further notice under such circumstances. *Chitty on Bills*, 452. *Story on Prom. Notes,* secs. 205, 236, 237, 264. 3 *Kent's Com.,* 120. 4 *Sergt. & Rawle,* 480, *Duncan vs. McCullough.* 9 *Wheat.,* 598, *Magruder vs. Bank of Washington.* It is said, inquiry should have been made of the other parties to the note. The plaintiffs were not the holders from whom the notary received the note; these were Riggs, Benner & Co., and they had no information of the residence of the parties, and, therefore, could impart none to the notary. But even if the plaintiffs were the holders, no case can be found which says that they are *presumed* to know the residence of the endorsers.

2nd. That the notary having failed to ascertain the residence or post office of the defendant, correctly deposited in the post office, in Baltimore, the notice of protest for non-payment, directed to the defendant, as the note *was dated at that place,* and no demand of payment was necessary to bind the defendant, under the circumstances of this case. *Story on Bills, sec.* 351, *note. Story on Prom. Notes, sec.* 236. 3 *Kent's Com.* 96. 1 *Johns.,* 293, *Chapman vs. Lipscombe, et al.* 3 *Do.,* 208, *Boot, et al., vs. Franklin.* 10 *Pet.,* 572, *Dickins vs. Beall.* 4 *How.,* 336, *Harris vs. Robinson.* 9 *Do.,* 558, *Lambert vs. Ghiselin.* 2 *Campbell,* 461, *Bateman vs. Joseph.* 1 *Watts & Sergt.,* 126, *Lehman vs. Jones.* 4 *Metcalf,* 203, *Wood vs. Corl.* 14 *Louisiana Rep.,* 437, *Delavigne vs. Arnet.* 9 *Yerger,* 253, *Barr, Sterret & Co., vs. Marsh.* 5 *Wend.,* 587, *Bank of Utica vs. Davidson.* 2 *Caines' Rep.,* 121, *Stewart vs. Eden.*

These authorities clearly show that *Baltimore* being the place of the *date* of the note, is, in the absence of proof of the place of residence, the place where inquiry should be made, and where it is *presumed* the parties intended payment to be made, and this being so, that *reasonable diligence* was used, and all the requirements of the law complied with.

LE GRAND, C. J., delivered the opinion of this court.

This was an action instituted by the appellees against the appellant, as endorser of a promissory note made by George Calvert, dated Baltimore, 16th of February 1854, and payable six months after date. The defendant pleaded the general issue. The note matured on the 19th of August 1854, and was placed in the hands of a notary to demand payment. The record states that the notary, having ascertained that the maker of the note had no residence in the city of Baltimore, and no place of business there, and being unable to ascertain where he resided, went to the post office, exchange, and court house, in the city of Baltimore, and inquired for the residence of the maker, and for the residence and post office of the appellant, and not being able to ascertain the residence or post office of either of said parties, protested the note for non-payment. A notice of protest was, on the same day, directed to the appellant, at Baltimore, and put in the post office of that place. There was no question made at the trial as to the making and endorsement of the note. The defendant gave evidence that for the last forty years he has resided near Upper Marlborough, Prince George's county, and that his post office, during all that time, has been at the last mentioned place. He also gave in evidence that, for the last thirty years, he has had extensive business transactions in the city of Baltimore, both with commission houses and banking institutions; and that the notary could have easily ascertained his post office and residence, had he made inquiries at the said banking institutions and commission houses. Upon the whole of the evidence the defendant prayed the court to instruct the jury that there was no sufficient evidence of notice to bind the endorser in this action, and that the said notarial protest, so as aforesaid offered in evidence, was insufficient for that purpose; but the court overruled the prayer of the defendant's counsel, and permitted the said notarial protest to go to the jury, notwithstanding the evidence of the defendant, as sufficient evidence to bind the defendant, provided they should find that the said defendant endorsed said note after it was signed by the drawer. To which opinion the appellant excepted.

It is the correctness of this ruling of the circuit court that is now before us for review. The question presented by the prayer of the defendant is simply this: What kind of notice is required to bind an endorser who endorses a promissory note *dated* at a place different from the county of his residence, and other than that of the maker? The proof in the cause shows the note was dated *"Baltimore,"* and that both the maker and endorser resided in *Prince George's county*, in this State. The notary went to the court house, exchange, and post office—having ascertained that the maker of said promissory note had no residence or place of business in the city—and " could find no person at either of said places who would pay the same for honor or on account of the maker of said note." He protested the note for non-payment, and "addressed written notices to the said endorsers of the said promissory note, and informed them that it had not been paid, payment therefor having been demanded and refused, and that they would be held responsible for the payment thereof." The notice for the appellant was addressed to him *at Baltimore,* and put in the post office, the notary "having made diligent inquiry at the court house, post office, and exchange, and not being able to find any person at any of said places who could inform him where the endorser (the appellant) resided, or of the post office nearest to his residence."

There is no evidence in the record of any custom existing, in the city of Baltimore, in regard to the usual mode of making demand and giving notice of non-payment, and, therefore, this case must be determined on the generally recognized principles of commercial law, applicable to negotiable paper. What are these principles? It may be stated, as one of universal application, that when a note is *dated* at a particular place, and no other place designated as that of its negotiation and payment, "the presumption is," says *Chancellor Kent,* 3 *Vol. Com.*, *page* 96, "that the maker resides where the note is dated, and that he contemplated payment at that place." "But," continues he, "it is presumption only; and if the maker resides elsewhere within the State, where the note falls due, and that be known to the holder, demand must be made at the maker's

place of residence," or place of business. This principle is recognized and adopted in *Nailor vs. Bowie*, 3 *Md. Rep.*, 256, 257, and is conclusive of the case now before us. The note was dated "Baltimore," and the presumption was, therefore, that it was there payable; and although this presumption is not so absolute as to prevent contradiction, yet, in this case, no evidence was adduced on the part of the defendant to show that the "holder" of the note was aware that the maker and endorser did not reside in the city of Baltimore. As to diligence and thoroughness of inquiry, the notary says he made diligent inquiry, but could not find any one to give him information of the residence of the parties. It may not be gratuitous to remark, that when persons give and endorse notes, they should take care to see they provide for the place of demand and of notice to the endorsers. By omitting this precaution, and in the absence of the knowledge of the holder to be shown in proof, the place of the date of the note is to be taken as the place of residence of the maker and endorser. See the case of the *Bank of Columbia vs. Fitzhugh*, 1 *H. & G.*, 248.

*Judgment affirmed.*