# Wm. Selden, and others, *vs.* Ann T. Washington, Admx. of George C. Washington.

A note was dated Washington, and was not, on its face, made payable at any particular place. The maker had no place of business or residence in Washington or the District of Columbia, but resided in Frederick county, Maryland, and the notary having, on inquiry, ascertained this fact, presented the note to one of the banks in Washington city, and made demand of payment, and received for answer, "no funds here." Held, that this was a sufficient *demand* of payment.

In such a case, a *notice* to the endorser, setting forth the date and amount of the note, and then stating, "by you endorsed, and for which you are liable, has been this day protested for non-payment, at the request of" the plaintiffs, is sufficient.

A statement that the note has been "*protested* for *non-payment*" and notice, is, by necessary implication, an assertion of right by the holder, founded on his having complied with the requisitions of law, against the endorser.

Appeal from the Circuit Court for Montgomery county.

*Assumpsit*, brought on the 26th of February 1853, by the appellant against the appellee's intestate, on three promissory notes, the *first* for $500, drawn by John Lee in favor of George C. Washington, or order, and by him endorsed, dated "Washington, Aug. 3rd, 1852," and payable sixty days after date; the *second* for $700, drawn, endorsed and payable as the former, and dated "Washington, Sept. 2nd, 1852;" and the *third* for $200, dated "Washington, Oct. 2nd, 1852,"

drawn by George C. Washington in favor of John Lee, or order, and by him endorsed, payable sixty days after date, "at the Farmers and Mechanics Bank of Georgetown." After suit brought, the defendant died, and the appellee, his administratrix, was made defendant, and the declaration was filed against her, containing three counts, one on each of said notes, in the order above stated. Plea, *non-assumpsit*.

*Exception.* The plaintiffs offered in evidence the notes sued on, and proved the making, endorsements and delivery of the same to the plaintiffs. They then proved by Bradley, a notary public of Washington city, District of Columbia, before, at the time, and since the two notes drawn by Lee, and endorsed by the defendant's intestate, became due, that on the 5th of October 1852, about 3 o'clock, witness, at request of the plaintiff, received the *first* of said notes, made inquiry for J. Lee, the drawer, of the runner of the bank and other persons, (including some of the plaintiffs,) and was informed that he lived in the country, somewhere, they believed in Frederick county, Maryland, and not being able to find the drawer, J. Lee, in the city, he having no place of business there, witness presented said note for payment at the Patriotic Bank, Washington city, and demanded payment thereof, and was informed there were no funds there, and he thereupon, after 3 o'clock, P. M., on the same day, protested said note for non-payment; that afterwards, on the 4th of November 1852, witness received the *second* note, and having inquired at the banks and other places, could find no one who knew the drawer, J. Lee, but was informed by some one in the bank, he believed he lived in the country, somewhere in Frederick county, Maryland, and being unable to find J. Lee, on that day witness, at request of the plaintiffs, presented said note at the Exchange Bank, in the city of Washington, for payment, and demanded payment thereof, when and where he was *informed* there were no funds there to pay it, and on that day, after 3 o'clock, P. M., witness, at the request of the plaintiffs, protested said note for non-payment; that on the days respectively upon which said protests were made, as above stated, witness put in the post-office, in

Washington, a notice to the endorser, addressed to George C. Washington, Georgetown, of the tenor and effect following: "Washington, Oct. 5th, 1852.—A note drawn by J. Lee, dated Washington, August 3rd, 1852, at sixty days after date, for $500, due, by you endorsed, and for which you are liable, has this day been protested for non-payment, at the request of Selden, Withers & Co." The notice for the second note is in the same words, varying only to suit the date of protest, and the description of the note. This witness further proved that George C. Washington, the endorser, resided in George town, in October and November 1852, at the several times of the notices of protest being directed to him, and that his residence was about two and a half miles from the banks in Washington, at which witness inquired, but witness did not inquire of said George C. Washington for the residence of the drawer, J. Lee; and also proved that said Lee had no place of business in Washington or the District of Columbia. Witness further proved that there is, he believes, a usage and custom among banks in Washington—of three banks there he knows there is and has been for fifteen years past—when a promissory note is made and dated in Washington, by a person residing out of the District, and having no place of business there, to present the note for payment at some bank or other public place, and inquire for the maker, and protest if not paid.

The defendant then proved that John Lee, the drawer, lived in Frederick county, Maryland, between Petersville and Burchettsville, in that county, and had lived there for forty years last past, in each of which places there was a post-office, and that, in 1852, he was a member of the General Assembly, and delegate from said county, and had also been a member of Congress from that district of Maryland, where he resided, and was known in Washington as a resident of Frederick county. The defendant then asked the court to instruct the jury:

1st. That there is no sufficient evidence of demand by the plaintiffs upon, and refusal of payment by, the said John Lee of the said notes mentioned in the first and second counts of

the declaration, or of any sufficient excuse for not making the same, to entitle the plaintiffs to recover in this action on said counts.

2nd. That there is no sufficient evidence of notice of the demand upon and refusal of the said John Lee to pay the said notes mentioned in the first and second counts, to entitle the plaintiffs to recover on said counts.

3rd. That if the jury believe, from the evidence, that the said John Lee, at the time of making by him of the notes mentioned in the first and second counts of the declaration, and afterwards, until after the maturity of the same, did not live or reside in the city of Washington, and had there no place of business, and had a known and permanent residence in the State of Maryland, that then the plaintiffs are not entitled to recover on said counts.

4th. That if the jury shall believe, from the evidence, that the said John Lee, at the time of making by him of the notes mentioned in the first and second counts of the declaration, and afterwards, until after the maturity of the same, did not live or reside in the city of Washington, and had there no place of business, and had a known and permanent residence in the State of Maryland, and that the said John Lee's residence was known to the plaintiffs or the notary public, or could have been discovered by application to the endorser, or otherwise, by due diligence, that then the plaintiffs are not entitled to recover on said counts.

The court (BREWER, J.) granted these instructions, and to this ruling the plaintiffs excepted. The verdict, as stated in the record, is, that the jury "upon their oaths do say, that the defendant did assume upon herself in manner and form as the aforesaid plaintiffs within against her have complained, and they assess the damages of the said plaintiffs, sustained by occasion of the non-performance of the promise and assumption aforesaid, to the sum of $252.75." From the judgment thereon rendered, the plaintiffs appealed.

The cause was argued before LE GRAND, C. J., BARTOL and GOLDSBOROUGH, J.

*Richard I. Bowie*, for the appellants:

In the case of *Susscer vs. Whitely & Stone*, 10 *Md. Rep.*, 102, the note was dated Baltimore, and the maker and endorser were residents of the State, but non-residents of the city, and had no place of business there, yet a demand at certain public places, as the Exchange, &c., and notice put in the post-office at Baltimore, addressed to the endorser at Baltimore, were held sufficient, although there was no evidence of custom or usage, as in this case. In the case of *Ricketts & Whittington*, *vs. Pendleton*, 14 *Md. Rep.*, 328, the court said:—"The note was drawn by Wood & Co., who were, at the time of making it, and continued to be, non-residents of the State of Maryland. It was dated Baltimore, and the presumption is, in the absence of proof to the contrary, it was payable there. 10 *Md. Rep.*, 103. When the makers of a note do not reside in the State, and have no place of business within the State, no demand upon them is necessary. *Story on Prom. Notes*, sec. 236.  3 *Kent's Com.*, 96." It is proper to say that the above decisions of the Court of Appeals were not published when the present case was tried below, but some of the elementary principles were referred to. The evidence in this case shows that the notes were made and dated at Washington; that the drawer, Lee, did not reside in the city of Washington or District of Columbia, and had no place of business there; that inquiry was made for him of various persons, and at a bank or banks, and not being able to ascertain his residence, or find any one to honor the same, the notes were protested, and regular notices of the demand and non-payment duly given, by mail, to the endorser, directed to him at Georgetown, his place of residence. It was further proved, there existed in Washington, with certain banks, a usage or custom to make the demand in the mode adopted in this case, when the drawers of notes were non-residents, and had no place of business there.

*Alex. Kilgour* and *A. B. Hagner*, for the appellee:

1st. There is nothing in the record to show that the appellant has been injured by the rulings of the court below. The

*verdict* was a *general* one, upon *all the counts* in the declaration, and was in *favor* of the plaintiffs who appeal. There was no proof of the partnership of Selden, Withers & Co., or that the defendant was administratrix of George C. Washington, or that he *was dead*, and there being no dispute in regard to the third note, the jury may well have relied upon this absence of proof, and given their verdict accordingly.

2nd. There was no sufficient presentment of the notes and demand upon the maker. Four days of grace are allowed in the District of Columbia, and neither of these notes was properly presented, *three days* of grace, only, having been allowed in each case. 6 *H. & J.*, 179, *Bank of Columbia vs. Magruder.* 9 *Wheat.*, 581, *Renner vs. Bank of Columbia.* 1 *Pet.*, 25, *Bank of Washington vs. Triplett, et al.* 2 *Md. Rep.*, 240, *Merchants Mutual Ins. Co. vs. Wilson.* But, independently of this objection, the demand in this case was not sufficient. It is proved in the case that Lee, the maker, did not reside in the District of Columbia, and had no place of business there, at the time these notes were drawn, and that *all the parties knew* that he lived in Frederick county, Maryland, out of the District of Columbia. Now, in such a case as that, it was necessary that the notes should have been presented to, and a demand made upon, the maker. If the maker had removed out of the State *subsequently to the making of the notes*, the holder is dispensed from the necessity of making other efforts to make presentment. *Story on Prom. Notes*, secs. 236, 264. *Story on Bills*, sec. 352. 3 *Kent*, 96. In such a case *only*, or where diligent inquiry has been made, and the residence of the maker cannot be found, is there an excuse for non-presentment. In the case of *Ricketts vs. Pendleton*, 14 *Md. Rep.*, 330, the law is stated *too broadly*—much more broadly than the cases cited warrant. The only case cited by Story, in the section referred to by the court, is 10 *Martin*, 643, *Hepburn vs. Toledano*, and from the statement of facts in that case, it only appears that the note was dated at New Orleans, and that the drawer resided in Kentucky *at the time of protest*. It is clear, from the opinion of the court in that case, that the maker had removed

to Kentucky after the making of the note. See, also, *Story on Prom. Notes, sec.* 264, *(Last Ed.)* This is the only authority, if it be one, for the position that presentment and demand, in such a case as this, is dispensed with. The decisions to the contrary are numerous. In *Gilmore vs. Spies,* 1 *Barb.,* 158, a note, specifying no place of payment, was made and endorsed in the city of New York, where it bore date, by persons residing in Mexico *at the time,* and so resided until the note became due, and this fact was known to the holder, and it was held that the circumstance that the makers so resided in a foreign country, afforded no excuse to the payee or holder for not following them with the note, and demanding payment there, so far as the endorser is concerned. The same thing was decided in 3 *Denio,* 145, *Taylor vs. Snyder,* and in *Spies vs. Gilmore,* on appeal in 1 *Comstock,* 321. See, also, 1 *Gray,* 175, *Porter vs. Judson.* 9 *Wheat.,* 598, *M' Gruder vs. Bank of Washington.* 2 *Rob. Pr.,* 176. The usage or custom attempted to be proved in this case, was clearly insufficient. 6 *Md. Rep.,* 37, *Foley & Woodside vs. Mason & Son.*

3rd. The *notice* was not sufficient, inasmuch as it does not state presentment and demand of payment. 1 *Md. Rep.,* 59, *Graham vs. Sangston.* 3 *Md. Rep.,* 251, *Nailor vs. Bowie.* 6 *Md. Rep.,* 5, *Maning, Stimpson & Co., vs. Hays.* 11 *Md. Rep.,* 148, *Armstrong vs. Thruston.* 1 *Comstock,* 325, *Spies vs. Gilmore. Story on Prom. Notes, secs.* 350, 352, 354.

LE GRAND, C. J., delivered the opinion of this court.

This action is brought to recover the amounts of three promissory notes; two of them drawn by John Lee, in favor of George C. Washington, the intestate of the appellee, and by him endorsed, and the other by George C. Washington, in favor of John Lee, and by the latter endorsed. In regard to this last note, the record presents no question for the decision of this court.

The points in controversy relate to the sufficiency of the *demand* of payment of the notes drawn by Lee, and to that

of the *notice* of non-payment given to the endorser, Washington.

The notes were dated Washington, and not, *on their face*, made payable at any particular place; and, in the case of *Sasscer vs. Whitely & Stone*, 10 *Md. Rep.*, 98, it was held, that where a note is dated at a particular place, and no other place is designated as that of negotiation and payment, the presumption is, that the maker resides where the note is dated, and that he contemplates payment at that place; but this presumption may be rebutted, and if the drawer resides elsewhere within the State, when the note falls due, and this be known to the holder, demand must be made at the maker's residence, or place of business. But, if the drawer does not reside in the State, and has no place of business within the State, no demand upon him is necessary. *Ricketts & Whittington vs. Pendleton*, 14 *Md. Rep.*, 330, and the authorities there cited.

It was given in evidence, by a notary public of Washington, District of Columbia, that when the notes drawn by John Lee severally became due, he, at one of the banks in Washington city, made demand of payment of the note, and received for answer, "no funds here;" and that, on inquiry, he ascertained that Lee had no place of business or residence in Washington, but resided somewhere in Frederick county, Maryland. On the part of the defendant, it was shown that Lee had, for forty years, resided in Frederick county, and at one time was a representative in Congress from Maryland, and at another time of his county in the State Legislature.

Each of the notices of non-payment, sent to the intestate of the appellee, after setting out the date and amount of note, proceeds as follows, "by you endorsed, and for which you are liable, has been this day protested for non-payment, at the request of Selden, Withers & Co."

There is nothing said in the notice of any *demand* having been made for the payment of the notes. Unless there be something in the facts of the case, this omission to inform the endorser that a demand of payment had been made, would render the notice insufficient to bind the endorser. *Graham*

*vs. Sangston,* 1 *Md. Rep.,* 59. But we think there is sufficient in the record to show that there was no demand, other than that which was made, necessary, and that, under the circumstances of the case, the notice sent was sufficient. It states that the note had been *"protested* for *non-payment."* "A statement of non-payment and notice is, by necessary implication, an assertion of right by the holder, founded on his having complied with the requisitions of law against the endorser." *Mills vs. U. S. Bank,* 11 *Wheat.,* 431. See 4 *Gill,* 202. 1 *Md. Rep.,* 504.

We are aware that there are decisions in some of the States in conflict with the principles recognized in the cases which we have cited, but we prefer adhering to our own adjudications, as more conducive to the ends of justice, and as furnishing more reliable facilities for the transaction of commercial business.

From what we have said, it follows, we are of opinion, that if the jury believed the evidence, the plaintiffs were entitled to recover, and, as a consequence of this, the granting of the defendant's prayers was error.

*Judgment reversed and procedendo awarded.*

(Decided Oct. 29th, 1861.)