Lime Rock Bank *v.* Hewett.

PRESIDENT, DIRECTORS & CO. OF LIME ROCK BANK *versus* JOSEPH HEWETT.

Where a bank has established an usage of notifying, through the postoffice, indorsers of. dishonored paper resident in the town where the bank is established, a notice, properly addressed and deposited in the postoffice on the day the note matures, will be sufficient to indorsers conusant of such usage and on notes made payable at such bank.

*Aliter*, to indorsers conusant of the usage, on notes not made payable at such bank.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT on two promissory notes, of which the following are copies:— "Rockland, Oct. 24, 1853.

"$790. Thirty days after date, value received, we promise to pay Joseph Hewett, or order, seven hundred ninety dollars, at the Lime Rock Bank.

(Signed) "D. C. Dinsmore.

Indorsed.—"Joseph Hewett. Jesse Ames."

"Rockland, Nov. 12, 1853.

"$300. Sixty days after date, value received, I promise to pay Joseph Hewett, or order, three hundred dollars.

(Signed) "D. C. Dinsmore.

Indorsed.—"Joseph Hewett. A. Howes."

A. D. Nichols, cashier of the Lime Rock Bank, testified, that, at maturity, the notes in suit were unpaid; and that, on the day they became due, he deposited notices of dishonor addressed to the defendant, in the postoffice at Rockland where the defendant resided.

It was also proved to be the custom of the bank to deposite notices, to indorsers residing in Rockland, in the postoffice of that place.

It was also proved that defendant was one of the directors of said bank from 1837 to 1852, and that he did a great deal of business with said bank.

The presiding Judge instructed the jury, that it was necessary that the defendant should have reasonable notice

of the dishonor of the notes, and that the bank looked to him for payment of them. As he lived in the town where the notes were payable, notice deposited in the Rockland postoffice directed to him would not be sufficient, unless there was a custom or usage of the bank to notify, in this way, indorsers who lived in town, of which custom and usage the defendant must be conusant. That, if the jury were satisfied from the evidence that there was a custom prevailing in this bank to notify through the postoffice indorsers who lived in town, and that the defendant was conusant of that custom, he would be bound by it whether he received the notices or not. And, in such case, the general rule of law as to notice through the postoffice, where the indorser lived in the town where the note became payable, would not obtain.

The jury were further instructed that they were to determine whether there was such a custom; if there was, whether the defendant was conusant of it, and, if he was, whether the notice was given in conformity with such custom.

The verdict was for the plaintiff including the amount due on *both* notes; and the defendant excepted.

*Thacher & Brother*, in support of the exceptions.

*A. P. Gould*, for plaintiff.

The opinion of the Court was drawn by

APPLETON, C. J. — Where the parties to a note or bill of exchange live in the same town, a demand upon the maker and notice through the postoffice are not sufficient to charge an indorser. Such is the general rule.

The indorser may agree with the holder of a note, that notice of dishonor may be left at a particular place, and notice so left will be binding upon him. *Mill* v. *Bank of U. S.*, 11 Wheat., 431; *Eastern Bank* v. *Brown*, 17 Maine, 356; *Chicopee Bank* v. *Eager*, 9 Met., 583.

So a bank may establish usages variant from the general usage and not adverse to positive law, and those doing busi-

ness with such bank and conusant of its usages, will be regarded as assenting thereto and as agreeing to be bound thereby.

The jury have found that it was an usage of the Lime Rock Bank, when parties to a note payable at its counter were residents of the city where the bank is established, to give notice of demand and non-payment through the postoffice; that the defendant for a series of years had been accustomed to do business with the bank, and was conusant of its usages, having been for a long time one of its directors.

The larger note in suit was payable at and transferred by the defendant to the bank. By indorsing a note thus payable, he may well be presumed, knowing the usages of the bank, to have assented to and to have agreed to be bound by them. In delivering the opinion of the Court, in *Gindrat* v. *Mechanic's Bank of Augusta*, 7 Ala., 325, GOLDTHWAITE, J., after referring to numerous authorities on this point, sums up the result as follows:—" We may therefore conclude, that it was competent for the bank to establish a rule that notice might be given to parties through the postoffice, although resident in the same place, and that such rule was obligatory upon the parties to *all bills expressing upon their face to be payable at that bank.*".

The instructions of the presiding Judge, so far as they relate to the note made payable by its terms at the plaintiffs' bank, are correct.

But the note for three hundred dollars was not made payable at any bank. There is no proof that the defendant knew that it would or assented that it should be discounted by the plaintiffs. He is not the last indorser. Nor is he, by the mere fact of a prior indorsement, to be presumed to have waived, as to this note, the usual notice of demand and non-payment. Notice through the postoffice would not be binding upon him.

No question as to the sufficiency of the proof to sustain

the verdict arises, as there is no motion to set aside the verdict as against evidence.

Exceptions sustained, unless the plaintiffs will remit the amount of the note for $300 and interest.

DAVIS, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.