Ofinton of the Court.
THIS was an action of debt, brought by the dent, directors and company, of the Farmers and Me-ehanics’ bank of Logan,, against Butler, as endorser of a note payable and negotiable at the bank,, and protested when it became due for nonpayment. The cause tried upon the general issue, and after the evidence' was closed, the circuit court, on the motion of the defendant, instructed the jury to find-as in case of a non suit, to which'the plaintiffs excepted and a verdict and-judgment having been rendered against them, they have appealed to this court.
The proof was clearly sufficient to maintain the issue on the the part of the plaintiffs, except in relation to the notice to the defendant, of the protest for nonpayment. The protest'was made on the 20th of July 1819, that being the last day of grace, and the notary public deposed,. that it was his constant practice to give- notice of the protest of notes the day on which they became due, or the next morning, to the endorsers thereof, if they lived in Russellville, if not he put the notice of the protest in the post office of fflfe town, directed to the party, and-his impression and belief were that he did,, on the evening of the 20th or the morning of the 21st of July, put anotice in said post office, directed to the defendant who resided on a public road, four or five miles from Russellville. He was confident that he either did so or gave notice to the defendant himself, at far- ■ thest, on the morning of Wednesday the 21st of July, but stated that he bad no recollection of Ibis particular ease and its circumstances. He in no case enquired for private conveyance, or sent notices by them to the country; he gave notice through the medium of the post office, except when he saw the endorser in town.. The post master deposed thatin July 1819, it was-the constant habit of the defendant to send for letters to the post office, three times a week; his usual times of sending, were on Mondays, Thursdays and Saturdays; that lie always sent to the defendant all letters in the post, office directed to him; that the post master was sometimes absent; but he was of opinion he attended the post office in July himself; but if absent he left some person to attend to the business in his absence- He could-noi, however, say positively that the defendant did not. *492 omit sending sometimes as long as a week at a limoj but thought his practice was to send three times a week.-
This is the substance of (he whole evidence in relation to the notice of protest for nonpayment, and the question is, whether it is sufficient to shew that the notice had been given to the defendant in due time?
We have no hesitation in saying that the mere cir-pumstancc of the notice having been put in the post office on the evening of the day on which th.e note was protested, or on the morning of the next day, is not sufficient to charge the defendant as endorser. It would not, we apprehend, have been sufficient even if the defendant had lived in town.
It is true that in a city or a town, where a penny post, is established for the purpose of conveying letters from the post office to the inhabitants, the putting of a notice in the post office is sufficient. If, however, the establishment does not extend to every part of the city or town, as is sometimes the case, and the party to be charged in consequence of the notice, lives beyond the limits of the penny-post, putting the notice in the post .office, will not in that%ase he deemed sufficient, and so it has been ruled by the supreme court of the state of New York.
The general rule upon this subject is, that the party whose duty it is to give notice, is hound to use due diligence, and for that purpose he must employ the ordinary or usual mode of conveyance. This will vary according to the circumstances of the case. Where the notice is' to he sent from one place to another, between which a post road is established, it is sufficient to send the notice by the mail, because the mail is in such case the ordinary or usual mode of conveyance. But where there is no post road established between the places, it is evident that the notice cannot he transported by the mail, and of course some other mode of conveyance must he employed. In such ease the usual mode of conveying the notice, is by a special messenger. We do not mean to say that no other mode can in any event he emploj - ed; hut if any other is employed, it must he on the responsibility of the party who is bound to give the notice^ that it shall be conveyed with the same certainty and dispatch.
In this case it docs not appear that there was any post road.from Russellville to the defendant’s place gf *493 fesidence, and a special messenger ought, as the usual mode of conveyance in such case, to have been employed. The putting the notice in the post-office, was, most obviously, therefore, not sufficient in itself to charge the defendant. But the question in this case does not turn upon that circumstance alone; for, in ad-di|ion to that, it is proved that’ the "defendant was in the constant habit of sending three times a week to the post-office for his letters, atid that they were always forwarded to him by the postmaster. These circumstances, it is contended for the plaintiffs, conduced to prove that the defendant in fact got the notice as soon as he would have done if it had been sent by the usual mode of. conveyance jn such case; and if they conduced in any degree to establish the fact, it S urged that the circuit court erred in the instructions given to the jury. We have.no doubt, that the fact of the defendant’s haw ing got the notice in due time, might have been proved by circumstantial evidence, as well as‘by positive proof j and if the circumstance- relied on by the plaintiffs, had conduced in any measure to establish the fact, we would readily concede that the cause. should have been left with the jury to decide. But we cannot admit that those circumstances conduced in anj^ manner; to prove that the defendant got the notice as soon ás he would have done if a special messenger had been employed to convey it. 'His times of sending to the post-office vvere Mondays, Thursdays and Saturdays. The note was protested on Tuesday, the 20th of July 1319; and the proof is, that the notice of the protest was put into the post-office on that evening, or on the morning of Wednesday the 21st. It cannot, therefore, be inferred from these circumstances, that he got the notice before Thursday, which was his first day of sending to the post-office, after the protest. But if a special messenger had been employed to convey the notice, the defendant might and would have received it on Wednesday; and, of course, the evidence did not conduce to show that in fact he received the notice as soon as he would have done, if the proper mode of conveying it had been used.
The judgment must, therefore, he affirmed wiih costs.