OF

# THE DECISIONS

OF

# THE SUPREME COURT OF ALABAMA,

## JUNE TERM, 1833.

---

### ROBINSON & DAVENPORT *vs.* HAMILTON

1. If the residence of the drawer of a bill of exchange, be not known to the holder, and he cannot ascertain it, by reasonable diligence, such holder is relieved from the necessity of giving notice of a protest, for non payment.
2. That notice of the protest of a bill of exchange, for non payment, is placed in the Post Office, directed to the place where the drawer dated it; is sufficient diligence to charge him; in the absence of proof of the holder's knowledge, that there is a post office at the place where dated; or of the drawer's residence near a post office.

Error to the Circuit Court of Clark.

The plaintiffs in error declared against the defendant, in assumpsit, as the drawer of a bill of exchange. The bill was drawn on one Chandler, at ninety days, in favor of the plaintiffs or order, and made negotiable and payable at the Bank of Mobile. The proof was, that at maturity the bill had been regularly protested, for non payment; and notice thereof directed to the drawer at "Wigginsville," where the bill was dated, lodged in the post office at Mobile.

ROBINSON & DAVENPORT *vs.* HAMILTON.

There was no evidence of a knowledge, on the part of the plaintiffs, of the drawer's residence; nor that they knew of the existence of a post office, at Wigginsville. The Court below charged the jury, that the plaintiffs had not used due diligence; and that unless they believed that there existed a post office at Wigginsville; or that the defendant had, in fact, received notice, they must find for him. Judgment was accordingly rendered for the defendant.

LIPSCOMB, C. J.—This action was brought, on a bill of exchange, drawn by the defendant, on one N. E. Chandler, in favor of the plaintiffs.

The bill, at its maturity, was protested for non-payment, and notice to the drawer was lodged in the post office at Mobile, the place of payment, addressed to the maker, at Wigginsville.

There was no evidence, that the holder of the bill was apprised, that Wigginsville was near to any post office; or that he had any information as to the makers place of residence, other than what was derived from the face of the bill itself.

The Bill is in the following words—

WIGGINSVILLE, 27th April, 1827.

SIR—At ninety days sight, pay Messrs. Robinson & Davenport or order, negotiable and payable at the Bank of Mobile, four hundred dollars value received, and charge to account your obedient

W. R. HAMILTON.

To N. E. Chandler, Esq., Present.

The judge charged the jury, "that a letter containing notice addressed and directed to a place where no post office was kept, was not proof of such diligence as the law required, and that if they believed

there was no post office at Wigginsville, they must find for the defendant, unless they believed, he had actually received notice."

The drawer of the bill had designated his place of residence, as Wigginsville. It was in his power to have given it a more particular description : his failing to do so, in all probability, misled the plaintiffs. They may well have inferred from the description given, that the place was of sufficient notoriety, to dispense with any other.

If the makers place of residence was not known to the holder, and he could not ascertain it, by using reasonable diligence, it would relieve him from the necessity of giving notice.[a] We are, therefore, of the opinion, that the notice was sufficient, unless the knowledge had been brought home to the holder of the bill, that there was no post office at Wigginsville, or that the maker resided at or near a post office. If advised of such facts, it would have been incumbent on the plaintiffs to give such direction to the notice as would have ensured the greatest certainty of its reaching the maker. The judgment must therefore be reversed and the cause remanded.