JOHN H. BECKWITH & *al. versus* NOAH SMITH, JR.

To charge the drawer of a bill of exchange by putting a notice of non-payment into the mail, when he resides in a different State from that in which the demand on the acceptor was made, and when there is a town of the same name in at least two States, the direction of the notice should not only name the town in which the drawer resides, but also the State.

There should be proof, on the part of the plaintiff, that the letter giving notice to the drawer was placed in the postoffice in season to be carried by the mail of the next day after the bill was dishonored.

Proof that the notice was put into the postoffice at nine o'clock in the forenoon of the next day after the demand, merely, without showing that it was in season to be carried by the mail of that day, is not sufficient.

ASSUMPSIT against Smith as the drawer of a bill of exchange of which a copy follows : —

" $1000.                          Calais, June 12, 1839.

" Ninety days after sight, value received, pay to the order of Duncan Barber & Co. one thousand dollars, and place the same to my account, as per advice.          Noah Smith, Jr.

" Isaac Clapp, Esq. Boston."

The bill was accepted by Clapp and indorsed by Duncan Barber & Co., and by the plaintiffs, and· " on account of the Commercial Bank, of New Brunswick.   A. Ballock, Cashier."

To prove a demand on the acceptor, and notice to the defendant, the plaintiffs offered in evidence the protest of a notary public in Boston, Massachusetts, wherein he stated that on Oct. 11, 1839, he carried the bill to the counting room of Clapp, the acceptor, in the city of Boston, and demanded payment, which was refused, saying, we have received no funds to pay it ; and that he thereupon protested the bill for non-payment, and on the same day left· notice of the default of payment with an indorser named, " and next morning, 9 o'clock, A. M. put like notice into postoffice, directed to Noah Smith,

Jr. Calais, and to A. Ballock, cashier, St. John, N. B. and enclosed like to Thomas Bailie."

The defendant then proved "that there is a post-town in the county of Washington in the State of Vermont called Calais." The defendant was described in the writ as of Calais in the county of Washington and State of Maine.

A default was entered by consent, and judgment was to be rendered thereon, "if in the opinion of the Court a jury could, from the evidence, infer legal notice to the defendant;" otherwise the default was to be taken off.

*J. Granger,* for the defendant, contended that there was no sufficient evidence of notice to the defendant of the non-payment of the bill. The notice was not directed to Calais in Maine, and would have been as likely to have been sent to Calais in Vermont, or any other Calais, as to the one where the defendant resided. Bayley on Bills, 510 ; 1 Ry. & M. 149.

The law requires, that if notice is sent by mail, the letter should be put into the postoffice on the same day of the demand, or in season to go by the first mail of the succeeding day. The plaintiff must prove the fact affirmatively, and not leave it to mere conjecture. Here there was no evidence, either in the protest or in any other way, that the letter was put into the office sufficiently early to go by the mail of the next day. *Goodman v. Norton,* 17 Maine R. 381.

*Bridges,* for the plaintiffs, said that it was sufficient to direct the letter to the same place mentioned in the bill, and the like certainty is sufficient. Chitty on Bills, 137 ; Ry. & M. 246 ; 2 B. & Ald. 456. The direction on the letter was the same as that on the bill.

It is enough, and all the law requires, if the notice is sent by the next practicable, convenient mail. Nine o'clock in the morning is before the banks are open for business, and as early as could be reasonably expected. If the defendant intended to have made that a point, he should have gone to the jury, and they would have been justified in returning, that it was put in seasonably for the first mail. The Courts have not yet

decided, that it must go by the first mail of the next day, but only by the first convenient one. 2 Stark. Ev. in 2 vols. 158, 159, 160, and notes; *Whitwell* v. *Johnson*, 17 Mass. R. 449.

The opinion of the Court was drawn up by

SHEPLEY J. — It appearing, that the notary knew, that the bill came from a bank in the province of New Brunswick, and that he directed a notice to the cashier at St. John, the jury might have inferred, that he would be informed, that the residence of the drawer was at Calais adjoining that province. But there is nothing authorizing the inference, that the notary did not direct his notice to the drawer precisely as stated in the protest without any designation of the State, in which the town is situated. And if so directed it might be mailed for delivery at a town of the same name in another State. In the case of *Walter* v. *Haynes*, Ry. & M. 149, it was held, that the letter giving notice should be fully and particularly directed to the person at his place of residence, and put into the postoffice to make it equivalent to proof of delivery to him.

The case presents another difficulty. There should be proof, that the letter giving notice to the drawer was placed in the postoffice in season to be carried by the mail of the next day after the bill was dishonored. The protest states, that it was put into the postoffice the next morning at nine o'clock in the forenoon, but not that it was in season to be carried by the mail of that day. Nor is there any testimony tending to prove the time of the departure of the mail from Boston on that day. And a jury would not be authorized to infer it without any testimony.

*The default must be taken off*
*and the case stand for trial.*