*Reid*
*v.*
*Duncan.*

---

# THE UNION BANK OF LOUISIANA *v.* STOKER, EXECUTRIX.

*Notice of protest addressed to an endorser at the post-office nearest to his residence, is sufficient under the commercial law, or under the 2d sect. of the stat. of 13th March, 1827. Nothing more is necessary, though the party notified do not live in the place where the post-office is situated. No other designation of "the domicil or usual place of residence" of the endorser is necessary; nor is the omission of the name of the parish in which the post-office is situated material, where the address is sufficient to ensure the transmission of the notice to the proper office.*

APPEAL from the Court of Probates of Sabine, *Speight*, J. *P. A. Morse* and *Roysdon*, for the appellants.

*Chaplin*, for the defendant. The statute of 13th March, 1827, s. 2, requires notice to an endorser to be addressed to him " at his domicil or usual place of residence." B. & C.'s Dig. 43. *Duncan* v. *Sparrow*, 3 Rob. 165.

The judgment of the court was pronounced by

SLIDELL, J. This suit is brought by the Union Bank against the executrix of *Stoker*, to recover the amount of a promissory note drawn by *Thompson*, to the order of, and endorsed by, *Henry Stoker*, dated at Natchitoches, and payable at the branch of the Union Bank in that place. At maturity it was protested, and the notary certifies that he mailed the notice to *Stoker*, addressed. to " *Henry Stoker*, Cantonment Jessup, La.," putting the same into the post-office at Natchitoches on the day of the protest. This certificate, with the protest, was offered in evidence; and it was also proved that there was a post-office at Fort or Cantonment Jessup, at the date of the protest; that *Stoker's* residence was within two miles of said post-office; that his residence and the Fort Jessup post-office were both in the parish of Natchitoches; that Fort Jessup post-office was the nearest one to the residence of *Stoker*; and that Natchitoches post-office was more than twenty miles from *Stoker's* residence.

In our opinion this was a sufficient notice under the commercial law, as well as under the act of 1827; and the certificate of the notary, under that act, was evidence of the giving of the notice. Fort or Cantonment Jessup was, according to the facts above stated, the proper place to which to address the letter; and the address and the certificate are both in compliance with the act of 1827, according to the fair legal intendment of the second section: " A notice of such protest to each, drawer, acceptor, endorser, or others, addressed to them at

UNION BANK   their domicil or usual place of residence." If the party to be notified does not
OF LOUISIANA live in the town or settlement where the post-office is, but in its neighborhood,
*v.*
STOKER.      addressing it thus is the proper mode to ensure its reaching the party ; and we
are unable to perceive by what other address, its transmission by mail, which
the commercial law and the statute both authorize, could have been secured.
As the proper transmission was abundantly effected by the address to ' Canton-
ment Jessup, La.,' to have added the words " parish of Natchitoches," would
have been quite superfluous. There was but one other post-office in the parish
of Natchitoches, to wit, that in the town of Natchitoches ; and the defendant
does not pretend that it should have been so addressed as to remain in that office.

It is therefore decreed that the judgment of the court below be reversed ;
and it is further decreed that the plaintiffs, the Union Bank of Louisiana, re-
cover of the defendant, *Nancy Stoker*, executrix of *Henry Stoker*, deceased,
the sum of $935, with interest thereon from the 16th day of November, 1841,
till paid, at the rate of five per centum per annum, (subject, nevertheless, to a
credit in favor of said defendant of $293, as paid January 5th, 1842,) and also
the costs of the courts below, and of this appeal.