McNatt *vs.* Jones.

---

EMELINE T. McNATT, plaintiff in error, *vs.* WILLIAM H. JONES, defendant in error.

Whatever may have been the rule previous to the act of congress requiring all drop letters to bear a postage stamp, since the passage of said act, notice to an indorser of a notarial protest, deposited in the postoffice of the city where the indorser resides, is sufficient notice under section 2781 of the Code.

Promissory Notes. Indorser. Protest. Before Judge GOULD. City Court of Augusta. February Term, 1874.

Emeline T. McNatt brought complaint against William C. Jones, as maker, and William H. Jones, as indorser, on a note for $300 00, dated March 5th, 1873, payable ten days after the date thereof at the National Bank of Augusta. The in-

dorser was served by leaving a copy at his residence. When the case was called for trial, no plea had been filed. The plaintiff moved for a judgment, presenting to the court the note sued on, and the certificate of the notary as to noting and protesting. It appeared from this certificate that notice of the protest, etc., had been given to the indorser, by mail, under cover addressed to William H. Jones, Esq., Augusta, Georgia. The court, refused to allow judgment against the indorser, holding service of such notice by mail insufficient. To this ruling plaintiff excepted.

M. P. CARROLL; FRANK H. MILLER, for plaintiff in error.

No appearance for defendant.

TRIPPE, Judge.

The court held that as the indorser was a resident of the city of Augusta, notice of the protest served on him by placing it in the post office in the city was not sufficient. It is true there is authority that such notice is not proper. But we think that since the adoption of the Code, section 2781, whatever the rule might have been before the passage of the act of congress requiring a postage stamp on all "drop letters," such service is now sufficient. Such a letter under the present law, has the imprimature of the government upon it. All the laws as to its safe keeping and delivery apply to it as well as to those which are to be dispatched to other post offices. The party to whom it is directed has the same guaranty that he will receive it, and the same sanctions of law protecting his rights as he has to any other matter passing through the post from any other point.

We are of opinion that under section 2781 of the Code the service of notice of protest in this case was sufficient.

Judgment reversed.