MARCUS A. WOLF, Respondent, *vs.* EDWARD BURGESS, Appellant.

1. *Promissory note—Negligence of notary in learning whereabouts of indorser— Effect of.*—Where a notary in his endeavors to ascertain the whereabouts of an indorser who resided in the county of St. Louis, a few miles from the city, and had no place of business or particular stopping point in town, is informed by one Shields, at whose store the defendant occasionally stopped, and to whom the notary delivered notice of protest, that defendant had no place of business there, but lived in the country, and the notary failed to follow up the clue thus obtained, and failed also to make inquiry of the co-indorsers of the defendant, residents of the city: *Held*, that it was the plain duty of the officer to inquire of the co-indorsers where defendant was to be found, and having learned that he resided in the county, he should have followed up the clue so obtained; and that his *laches* absolved defendant from his liability as indorser. (See Gilchrist vs. Donnell, 53 Mo., 591.)

*Appeal from St. Louis Circuit Court.*

*Statement by Reporter.*

I. The notary, it appears, delivered notice of protest for defendant, to Shields at his store, and that:

II. Shields remonstrated, stating that Burgess had no place of business there.

*Joseph Shippen,* for Appellant.

The notary failed to exercise proper diligence. (Gilchrist vs. Donnell, 53 Mo., 591; Sanderson vs. Reinstadtler, 31 Mo., 483; 1 Pet., 578, 582; 3 Hill, 520; 28 Vt., 316; 1 Pars. Notes, 489, Note Y., 490.)

*R. S. McDonald,* for Respondent.

I. The court below properly refused to take the case from the jury, the evidence conflicting as to the notary's measure of diligence. (Winston vs. Wales, 13 Mo., 569 ; Houghtaling vs. Ball, 19 Mo., 84 ; Morse vs. Maddox, 19 Mo., 451 ; McKown vs. Craig, 39 Mo., 156 ; Chambers vs. McGivern, 33 Mo., 202 : Emmerson vs. Sturgeon, 18 Mo., 170 ; Rippey vs. Friede, 26 Mo., 523.)

SHERWOOD, Judge, delivered the opinion of the court.

Burgess is the indorser of a negotiable promissory note, on which he is sued, and the only question the record presents is in regard to the endeavor made to notify him of the default of the maker. While the authorities are uniform that suitable exertions must be used in this respect, yet different courts have arrived at variant conclusions as to the *quantum* of effort necessary to be put forth in order to fill the measure of what the law denominates "due diligence." Our own court, however, has laid down a rule on this point by which, as being just, easy of observance and especially applicable to the case at bar, we are content to abide by. In Gilchrist vs. Donnell, (53 Mo., 591,) the action was brought against the defendants as indorsers on a note payable at the Central Savings Bank in St. Louis ; Jefferson county in this State being their residence. And although the notary, after examination of the City directory, inquiry of the bank officers, and also of a firm who had indorsed the note, failing to ascertain where to send the notices, placed them in the City Post Office, addressed to the defendants ; yet as the evidence showed from other indorsers, living in East St. Louis, the requisite information could have been obtained, it was held that reasonable diligence had not been exercised, and that the defendants were exonerated from the liability they had assumed. In the present case the defendant had no place of business in the city and no particular stopping place when there. Sometimes he would stop at the Union Savings Association, or at Shippen's office, or at

Shields' store, but his post office was at Cheltenham, and his residence near that place. And his residence was known to two of the indorsers, Daly and Finn, residents of St. Louis, of whom the notary made no inquiry. In addition to that, although there is some discrepancy between the statements of Shields and of the notary, these witnesses both concur in this, that the latter is told by the former, that Burgess "lived in the county." Upon receiving this information the notary "made no further inquiry." It was the plain duty of that officer, under these circumstances, to have followed the clue thus furnished by Shields, which, if pursued, would have resulted in the necessary information. It was a part of the same duty, whereby the like end would have been attained, to have made enquiries of Finn and Daly. It follows that the *laches* of the holder has absolved the defendant from liability on his conditional undertaking, and that the instruction, in the nature of a demurrer to the evidence, should have been given.

Judgment reversed and cause remanded; all the judges concur.