ABRAHAM BURLINGAME *vs.* MARY FOSTER.

Worcester. Oct. 1, 1879. — Jan. 19, 1880. ENDICOTT & LORD, JJ., absent.

The maker of a promissory note payable to the order of F. applied to a broker to negotiate a loan of money on the note and on other security. The broker applied to B., who agreed to lend the money if the security was all right, and requested the broker to make inquiries and report particulars as to the suffi-ciency of the security. The broker procured F.'s indorsement on the note, and B. lent the money. *Held,* in an action on the note by B. against F., that there was no evidence that the broker acted as the agent of B. in procuring F.'s in-dorsement; and that evidence of the conversation between F. and the broker, at the time F.'s indorsement was procured, was inadmissible in defence.

Where the indorser of a promissory note resides in a town in which there are two post-offices, of which fact the holder of the note is ignorant, a notice of the dis-honor of the note, addressed to the indorser at the town generally, is sufficient, unless he proves that he is accustomed to receive his letters at one of the offices only, and that the holder of the note might have ascertained that fact by rea-sonable inquiry.

CONTRACT upon a promissory note for $400, dated June 1, 1876, signed by Charles F. Pike, payable at a bank in Worcester to the order of the defendant, and by her indorsed. Answer: 1. That the note was indorsed at the plaintiff's request, without consideration, solely for the accommodation of the plaintiff, and to render the note negotiable, and under an agreement that the defendant should not be held liable thereon. 2. That the de-fendant had not due notice of the dishonor of the note. Trial in the Superior Court, before *Wilkinson,* J., who allowed a bill of exceptions in substance as follows:

William E. Huse, a broker in Worcester, testified that Pike applied to him for a loan of $400, and offered as security a mort-gage on his machinery in Natick, and the further security of the defendant's indorsement of a note, for the loan; that the witness then asked the plaintiff if he would lend the money; that the plain-tiff replied that he would, if the security was all right; that the witness then went to Natick, and found the machinery there as represented by Pike, and had the records examined as to Pike's title thereto; that he then returned to Worcester, and had the records examined as to the title of the defendant in the real estate owned by her; that he then reported to the plaintiff that the security was all right; that the plaintiff then said he would

lend the money; that Pike then signed the note in suit, and executed to the plaintiff a mortgage on his machinery; that the witness then took the note to the defendant in West Rutland, and obtained her signature on the back thereof; that he then took the note and mortgage to the plaintiff, who gave him a check for $400; that he got the money on the check and gave it to Pike; and that he was acting as agent of Pike in this transaction, and not as agent of the plaintiff.

The plaintiff was called as a witness, and corroborated the testimony of Huse; and testified that Huse was not acting as his agent, and did nothing at his request. The plaintiff further said he would not deny that, at a former trial of this case, he testified that Huse went to Natick and examined the property and Pike's title thereto, and went to Rutland for the defendant's signature, at his, the plaintiff's request.

Daniel Foster testified that he heard the plaintiff's testimony at a former trial of this case; that the plaintiff then said that he requested Huse to go to Natick and examine the records of the town-clerk's office, and bring a copy if all right, and that he did so; and he requested Huse to bring a copy from the registry of deeds as to the defendant's estate, and that he told Huse, if he would furnish a note with the defendant's indorsement and the mortgage, he would let him have the money.

The defendant testified that Huse was an entire stranger to her at the time he obtained her signature to the note; that she never had talked with Pike about signing a note; and that she never had heard anything about the note previously to signing it.

The above was all the evidence offered to show that Huse was agent of the plaintiff. She then offered to prove that she indorsed the note at the request and for the accommodation of the plaintiff; for the purpose of rendering the note negotiable, and under the agreement that she should not be held liable thereon; and, for that purpose, offered in evidence the conversation between Huse and herself at the time he obtained her signature to the note, contending that Huse was acting as agent of the plaintiff. The judge excluded this evidence, on the ground that Huse was acting as the agent of Pike, and not of the plaintiff.

Upon the question of notice, the notary, who protested the note for non-payment at maturity, testified that he sent notice of dishonor by mail from Worcester, addressed to the defendant at Rutland, by direction of the plaintiff; and that he did not know the defendant's residence, nor that there were two post-offices in the town of Rutland. The plaintiff testified that, when the note became due, he inquired of Huse where the defendant lived, and was told at Rutland; that he thereupon directed the notary to send the notice to Rutland; that he made no further inquiry of any one as to the post-office address of the defendant; and that he did not know there were two post-offices in Rutland. The defendant offered evidence tending to show that she had lived in West Rutland for thirty years; that there had been a post-office there for nearly ten years; that a daily mail went from Worcester directly to West Rutland; that, ever since the establishment of the post-office in West Rutland, she and the other members of her family had received all their letters from that office, and that was her post-office address; that she lived about a mile from the West Rutland office, and about two and one half miles from the Rutland office; and that she never received any notice of the protest of this note. It appeared in evidence that the West Rutland post-office was in the town of Rutland, which contained about five hundred inhabitants, that, at the time this notice was sent, there were three post-offices in Rutland; and that the defendant very seldom received letters through the mail; and there was no evidence that she or her post-office address was known to any one in Worcester.

The defendant asked the judge to instruct the jury as follows: " It was the duty of the plaintiff, or notary, to make reasonable inquiries to ascertain the residence of the defendant, to ascertain at what post-office the defendant was accustomed to receive her letters, if there was more than one post-office in Rutland, and then address and forward the notice by mail to such post-office as that it would be most likely to reach her certainly and promptly; and if the jury are satisfied that the defendant was accustomed to receive her letters only from the West Rutland post-office, and are further satisfied that the defendant did not receive the notice of protest in the ordinary time, and in due course of mail, then the notice sent to Rutland is insufficient,

and the verdict must be for the defendant, unless the plaintiff satisfies the jury that reasonable inquiries were made to ascertain at what post-office the defendant was accustomed to receive her letters, and that the notice was sent in accordance with the information received after such reasonable inquiries."

The judge declined to give the instructions requested, and, after instructing the jury generally upon the question of notice, instructed them that it was the duty of the plaintiff and notary to make reasonable inquiries to ascertain the residence of the defendant; that if the only information they had was that her post-office address was Rutland, and had no information that there were two post-offices in Rutland, and the notice was sent to Rutland in due season, it would be sufficient to charge the defendant as indorser, unless the defendant satisfied the jury that she was accustomed to receive her letters only from the West Rutland post-office, and further satisfied them that this fact could, upon reasonable inquiry, have been ascertained at Worcester, where the notice was mailed.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. B. Harding*, for the defendant.

*F. T. Blackmer*, for the plaintiff.

AMES, J. It was correctly ruled at the trial that there was no evidence that Huse was acting as agent for the plaintiff. He had applied to the plaintiff to lend the sum of $400 on Pike's note with the defendant's indorsement, with the further security of a mortgage of certain machinery belonging to Pike; and to this application the plaintiff had replied that he would lend the money, provided the security was "all right." Upon receiving this answer, Huse made inquiry as to the sufficiency of the proposed security, and reported to the plaintiff that all was right. The application to the plaintiff was made by Huse on behalf of Pike, and the securities agreed upon were furnished by Pike, and placed by the broker Huse in the plaintiff's hands. We find nothing in the evidence reported that has any tendency to show that Huse was acting as agent for any person except the borrower. If the plaintiff requested Huse to make inquiries and to report particulars as to the sufficiency of the proposed securities, it would not alter the true character of the transaction. We see

no ground therefore for the admission of extrinsic evidence by which the defendant could control the effect of her written contract. *Prescott Bank* v. *Caverly*, 7 Gray, 217. *Tower* v. *Richardson*, 6 Allen, 351.

The ruling of the presiding judge, as to the duty of the notary and the plaintiff in regard to forwarding notice to the defendant by mail, was in accordance with the rule laid down in *Morton* v. *Westcott*, 8 Cush. 425, and *Cabot Bank* v. *Russell*, 4 Gray, 167, and was all that the defendant was entitled to.

*Exceptions overruled.*