## RIGGS *v.* HATCH and another.

*(Circuit Court, S. D. New York. May 8, 1883.)*

1. PROMISSORY NOTE—NOTICE OF DISHONOR—PLEADING.
    Where the indorser of a promissory note in her answer denies that she "received due notice of non-payment" and knowledge of protest, this is a sufficient denial of the *constructive* notice arising from the due *sending,* as well as the *actual* notice arising from the *receipt,* of a notice.

2. SAME—DILIGENCE—NOTICE OF PROTEST.

Where a married woman indorses her husband's note in a form that would indicate she was his wife, and there are three persons of the same name as her husband, whose names and residences appear in the city directory, and her own name is not in the directory, a notice of the protest of such note by mail, simply addressed to her by her name at the city where her husband is engaged in business, without any inquiry being made to ascertain her residence, is not sufficient to charge her as an indorser.

3. SAME—PURCHASER FOR VALUE WITHOUT NOTICE OF DEFECTS.

Where a party having no notice that a negotiable promissory note is without consideration, takes it in good faith before it is due, in payment of two notes against members of a firm of which he had it, and gives his own negotiable note, payable on time, but long overdue and unpaid at the time of trial, for the balance, without a showing on the part of defendant that his note had not been negotiated, but remained where he could set up the infirmity of the note he bought as a defense, he is entitled to be considered a holder for full value, and he will be entitled to recover the full amount of the note purchased.

4. PRACTICE—VERDICT AGAINST TWO DEFENDANTS—NEW TRIAL—DISCONTINUANCE.

Where a verdict against two defendants should be set aside as to one of them, it must be set aside as to both, and a new trial will be granted as to both, unless the plaintiff discontinue as to the one entitled to a new trial, and leaves the verdict to stand as to the other.

At Law.

*Lindsay & Flammer, (Gratz Nathan,* of counsel,) for plaintiff.

*Turner, Lee & McClure,* for defendants.

WHEELER, J. This is an action upon a promissory note for $2,000, made by Asa L. Hatch at New York, dated there, payable at a bank there, to his own order, 12 months after date, indorsed by him, and by Elizabeth R. Hatch, who is his wife, with the words, "I hereby intend to charge my separate estate with the payment of the within note," and delivered to Stone & Co., from whom the plaintiff procured it. The cause has been tried by jury, to whom a question of fact as to an alleged alteration of note was submitted, and has now, after verdict for the plaintiff, been heard upon a motion for a new trial founded upon questions of law reserved.

One question made by Elizabeth R. Hatch is whether her liability as indorser was duly fixed by protest and notice. On the hearing of this motion the point is made that this question was not properly raised by the pleadings. In her answer she denies that she "received due notice of non-payment," and knowledge of the protest. It is urged that this is not a denial that notice was duly sent, and raises no question but that it was so sent as to be sufficient to charge her, although not received. The denial is quite meager, but still it is a full denial of due notice, which might, without violence, be consid-

ered a denial of the constructive notice arising from the due sending as well as of the actual notice arising from the receipt of a notice, and be held sufficient. And, whether it would be or not, as the evidence was all received without objection on this account, it is too late to raise the question on this motion.

The defendants reside together at Astoria, and he had a place of business in New York. His name as A. L. Hatch was in the directory, of New York, with his place of business, and there were in the directory the names of two other persons as A. L. Hatch, with their residences or places of business. Her name was not in the directory and did not belong there. There was nothing on the note to indicate the residence or address of any of the parties to it, except what might be inferred from the place of date and of payment, and the notary had no knowledge on the subject except that derivable from the note. He looked in the directory for Asa L. Hatch and Elizabeth R. Hatch, found the three names of A. L. Hatch, mailed a notice to Asa L. Hatch at the street and number given with the first A. L. Hatch, and to New York, and to Elizabeth R. Hatch at New York, and did nothing more about giving notice. He received his notice; it was not shown that she received hers, and she offered to show that she did not receive it. The law of the state of New York (Laws 1857, c. 416) required "diligent inquiry," and the law-merchant would require due diligence, to ascertain her whereabouts or true address, before notice directed to any other address, and not shown to have been received, would be sufficient to charge her. There is no real difference in the meaning of these expressions. Each would seem to require such efforts as a prudent man, interested to give her notice of any fact, would make to find her or her address in order to accomplish that object. Had her name, by reason of former residence or otherwise, been found in the directory with an address, it would seem that a notice mailed to her at that address, without further inquiry, would not have been sufficient. *Greenwich Bank* v. *De Groot*, 7 Hun, 210; *Baer* v. *Leppert*, 12 Hun, 516. Her name might be that of another person of the same name, or, if that of the right person, the address might not be the present address. Inquiry at the place might remove these chances for mistake. Here the form of her indorsement would indicate that she was a married woman, and the becoming a party to his note, that he was her husband. This is so treated by counsel on each side in argument. Either one of the three persons put down in the directory as A. L. Hatch might be her husband; and where the residence was given it

might be her residence, and where the place of business without residence was given it would indicate that that A. L. Hatch did not reside in the city, and if he was her husband that she did not. A. prudent man sincerely desirous of finding her or her address would have inquired at these places for the right A. L. Hatch, and, if found, of him in regard to her. Such inquiry would probably have resulted in finding her true address. Not only was all such inquiry omitted, but no notice was sent to her at what was assumed to be the address of her husband. None of the cases cited for the plaintiff, nor any of several others which have been examined, come up to the point of holding that what was done in this case would amount to diligent inquiry or due diligence; and it cannot, in the light of the views now entertained, be held to be such.

As the case stands, this note was without consideration as between Asa L. Hatch and Stone & Co. The plaintiff had no knowledge of this infirmity and took it in good faith, before it was due, in payment of two notes against members of that firm, amounting to about $1,200, and gave his own negotiable note payable on time, but long overdue and unpaid at the time of trial, for the balance. Upon this state of facts he was a holder for value. *Railroad Co.* v. *National Bank*, 102 U. S. 14; *Swift* v. *Smith*, Id. 442. Still, there is a question whether he is entitled to recover the whole amount of the note, as against the maker, or only the amount he actually paid by giving up the two notes. The language of the court in the cases just cited, as well as in many others, seems to indicate that the becoming a *bona fide* holder for value cuts off all equities of makers and prior indorsers, and leaves the holder entitled to recover the full amount, without regard to the precise amount paid. Some cases seem to hold that as he can only recover because he has paid, he can only recover what he has paid. *Williams* v. *Smith*, 2 Hill, 301; *Youngs* v. *Lee*, 18 Barb. 189; 12 N. Y. 551; *Cardwell* v. *Hicks*, 37 Barb. 458; *Huff* v. *Wagner*, 63 Barb. 215. In this case, however, the plaintiff's own negotiable note is still outstanding. It was not shown whether it remained where he could defend on account of the infirmity of the note he bought, or whether it had been negotiated so as to cut off such defense. He may be compelled to pay it, and without a showing on the part of the defendants that it was so situated that he could not be, it would seem that he is entitled to stand as a holder for full value.

There is no other question about the liability of Asa L. Hatch, for he was not only the maker of the note, but he received notice, and his liability as indorser was duly fixed. He is not entitled to a new

trial; but as the verdict is against both, if the verdict is set aside and a new trial granted as to her, there will be no verdict against him and there must be a new trial as to both. The plaintiff may, however, prefer to discontinue as to her and retain the verdict as to him; and, if he does, that will save all the rights of the defendants. Opportunity will therefore be given to the plaintiff for the space of 15 days for that purpose.

Unless the plaintiff does, within 15 days after the filing of this decision and notice thereof to his attorneys, discontinue the suit as to Elizabeth R. Hatch, the verdict is to be set aside and a new trial granted; if he does so discontinue, the motion of Asa L. Hatch for a new trial is overruled, and the stay of proceedings vacated.

---

SERVICE OF NOTICE OF DISHONOR BY MAIL. The law requires the holder of a bill or note to use reasonable diligence in giving notice of its dishonor to an indorser whom he wishes to charge; and the rules as to the time and manner of giving the notice have been adopted only in view of this requirement. It was early recognized by the courts that reasonable diligence did not require the holder to employ a special messenger to deliver the notice to an indorser residing in a distant place, but that the requirement was satisfied by the deposit of a letter containing the notice in the post-office, duly addressed to the indorser; and this rule has received a liberal application. "Courts are and should be extremely cautious in admitting or recognizing any changes which trench upon these established regulations" as to the manner of transmitting notice. "Still, inasmuch as they are founded upon general interest and convenience, and grow mainly out of the custom of merchants, it is obvious that they must, from time to time, admit of modifications to suit them to the actual condition and business of man. 'They must expand according to the exigencies of society.'"(*)

WHEN ALLOWED. Where the party giving the notice and the party notified reside in different places, between which there is regular communication by mail,(a) mailing notice by letter duly addressed is not only *prima facie* proof of notice,(b) but is conclusive of the fact, and is sufficient, though, by the miscarriage of the mail, never received.(c)  On the other hand, if the parties reside in the same place, the mail cannot be used with this effect.(d) This is so, although the indorser has a place of business elsewhere; this does not give the holder the right to resort to the mail for service of the notice. When the mail is not used, notice may be served as well at the indorser's place of business as at his residence, and when the parties reside in different places, notice by mail may be addressed indifferently to the indorser's resi-

(*) Bondurant v. Everett, 1 Metc. (Ky.) 658.

(a) See Lapeyre v. Robertson, 20 La. Ann. 399; Citizens' Bank v. Pugh, 19 La. Ann. 43; Tyson v. Oliver, 43 Ala. 455; Farmers' Bank v. Grinnell's Adm'x, 26 Grat. 131.

(b) Munn v. Baldwin, 6 Mass. 316.

(c) Shedd v. Brett, 1 Pick. 401; Knott v. Venable, 42 Ala. 186; Bussard v. Levering, 6 Wheat. 102; Mackay v. Judkins, 1 Fost. & F. 208.

(d) Pierce v. Pendar, 5 Metc. 352; Farmers' & Mech. Bank v. Battle, 4 Humph. 86.

dence or place of business. But " the law is not indifferent as to the mode of service. It does not say that the holder may elect between personal and mail service, because there happens to be a place of business to which the mail goes, so long as there is also a place of residence at which service cannot be made through the post-office, but must be made personally."(e) Hence, also, where a firm are indorsers, and have no place of business at the maturity of the paper, and one of the partners resides at the place of payment and another resides elsewhere, the holder cannot omit personal notice to the resident indorser, and charge the firm by notice by mail to the other.(f)

· Under a statute providing that whenever the. indorser's residence or place of business was in the place of payment, notice might be served by depositing it in the post-office of the place of payment, directed to the indorser at such place, it was held that service of notice by depositing it in the post-office of the place where the indorser resided and had his place of business, addressed to him there, was sufficient, although the note was payable at another place, upon proof that such mailing of the notice was more favorable to the indorser in respect to the time of delivery than mailing it at the place of payment would have been.(g) Under a statute merely providing that notice must be given " either personally or by post," it was held that a deposit of the notice in the office of the place where the bill was payable, and where both parties resided, was good service, " whatever may have been the rule previous to the act of congress requiring all drop-letters to bear a postage stamp."(h)

Although the parties reside in the same place, service by mail is allowable if there are two or more post-offices therein, with regular mail communication between them, and the parties are in the habit of resorting to different offices for their mail. " Whether mail service is good or not does not depend upon the inquiry, whether the person to be charged resides within the same legal district, but upon the question whether the notice may be transmitted by mail from the place of presentment or demand to another post-office where the drawer or indorser usually receives his letters and papers."(i) The same rule applies where the indorser resides in the same town or city, but receives his mail at a post-office in an adjoining town to which notice is sent.(j) In *Chicopee Bank* v. *Eager*,(k) where the parties used different post-offices in the same town, service by mail of notice of dishonor of a note payable at a bank therein was held good, on the ground of an established usage of the bank to serve notice in this manner.

If the parties reside in the same town, but the system of delivery of letters by carriers prevails there, it is probable that service by mail would be sufficient.(l)

According to many authorities, the post-office cannot be used as a place of deposit merely, but only as a means of transmitting the notice to another office. And hence, in this view, it is immaterial that the party to be notified

(e) Van Vechten v. Pruyn, 13 N. Y. 549.
(f) Hume v. Watt, 5 Kan. 34.
(g) Price v. McGoldrick, 2 Abb. N. C. 69.
(h) McNatt v. Jones. 52 Ga. 473.
(i) Ransom v. Mack, 2 Hill. 587; Shaylor v. Mix, 4 Allen, 351; Paton v. Lent, 4 Duer, 231;

Cabot Bank v. Russell, 4 Gray, 167. But see Miller v. Whitfield, 16 La. Ann. 10.
(j) Id.
(k) 9 Metc. 583.
(l) Compare Shoemaker v. Mechanics' Bank, 59 Pa. St. 79; Louisiana Bank v. Rowel, 6 Mart. (N. S.) 506; Walters v. Brown, 15 Md. 285.

does not reside within the corporate limits of the town or city where the paper is payable, but resides some distance outside, resorting to the post-office in the town for his mail. Leaving the notice in the post-office, to be called for by the indorser, does not constitute due service.(m)  It is said in *Ireland* v. *Kip*(n) that "it would be extremely embarrassing to suffer the rule to fluctuate by making exceptions which would lead to uncertainty." But the contrary doctrine is maintained upon reasons quite as satisfactory.(o)  "The post-office is an interdicted medium of communication" with an indorser residing in the same town as the holder, "not because it is essentially an active agent of transmission, but because the use of it is permitted not only where it is sure in its results, but also a convenience to the holder. It is permitted, not as a medium of notice provided by the government, but as an indulgence consisting with safety to all parties; it is interdicted when there is nothing to be gained by indulgence, and where it is just as convenient and safe for the holder to leave the notice at the indorser's dwelling or counting-house. * * * To affect the indorser with it by a transit, and not by a deposit, would be an arbitrary regulation, and a distinction without a difference." Per GIBSON, C. J., in *Jones* v. *Lewis.*(p)

It is generally held that the relative position of the person giving the notice and the person receiving it forms the only criterion of the necessity for allowing notice by mail. It is immaterial that the legal holder of the paper and the indorser reside in the same place. If the place of payment is elsewhere, the notary who gives the notice of dishonor may send it by mail.(q) The notary is to be deemed for this purpose the holder of the paper. Hence, when the indorser resides at the place of payment, the notary is not justified in depositing notice in the post-office at that place, although the legal holder of the paper resides in a different place.(r)  But it is held otherwise in some states,(s) and that proof of deposit of notice in the post-office, at the place of payment by the notary, is sufficient, in the absence of proof that the holder also resided there.(t)

If the holder sends by mail several notices under one cover to an indorser residing elsewhere, the latter may remail notice to a prior indorser residing in the same place, since the notice is regarded as given by the holder, and the receiving indorser as acting only as his agent, as "a mere conduit of conveyance," and not as the party from whom the notice emanates.(u)  But to make service by mail good in such case, it is necessary that the notice be deposited in the post-office so that it may be received by the indorser as early as he

(m) Ireland v. Kip, 10 Johns. 490; 11 Johns. 232; Patrick v. Beazley, 6 How. (U. S.) 609; Barker v. Hull, Martin & Y. 183; Davis v. Bank of Tenn. 4 Sneed, 390; Forbes v. Omaha Nat. Bank, 10 Neb. 338; Louisiana Bank v. Rowel, 6 Mart. (N. S.) 506.

(n) 11 Johns. 232.

(o) Jones v. Lewis, 8 Watts & S. 14; Woods v. Neeld, 44 Pa. St. 86; Barrett v. Evans, 28 Mo. 331; Carson v. State Bank, 4 Ala. 148; Hume v. Watt, 5 Kan. 34; Timms v. Delisle, 5 Blackf. 447; Bell v. State Bank, 7 Blackf. 456; Bondurant v. Everett, 11 Metc. (Ky.) 658, overruling Farmers' Bank v. Butler, 3 Littell, 498; Spalding v.

Krutz, 1 Dillon, 414. Compare Bank of U. S. v. Norwood, 1 Harr. & J. 423, (usage.)

(p) 8 Watts & S. 14.

(q) Greene v. Farley, 20 Ala. 322. See Wynen v. Schappert, 6 Daly, 558.

(r) Bowling v. Harrison, 6 How. (U. S.) 248.

(s) Philips v. Haberlee, 45 Ala. 597; Giudrat v. Mech. Bank, 7 Ala. 324.

(t) Shelton v. Carpenter, 60 Ala. 201.

(u) Manchester Bank v. Fellows, 28 N. H. (8 Fost.) 302; Eagle Bank v. Hathaway, 5 Metc. 212; Warren v. Gilman, 17 Me. 360; Van Brunt v. Vaughn, 47 Iowa, 145.

could have received it in due course of mail if it had been sent by the holder directly to him.(*v*) Says the court in the case last cited: " We do not find that any case has gone so far as to decide that notice through the post-office may be given in the same manner, and with the same allowance of time, where both parties reside in one town or resort to the same post-office, as where they reside in different towns, communicating with each other by regular mails. There may be very little practical difference in this respect between letters left for deposit and those left for transmission; but we do not feel at liberty for such considerations to disregard well-established distinctions, even though they may appear somewhat arbitrary; or to attempt to improve rules that have become settled by judicial decisions and the usages of business."

In *Sheldon* v. *Berham*,(*w*) remailing notice was held insufficient to charge a resident indorser, on the ground that the post-office was not a place of deposit for notices to indorser, except where they were to be transmitted to another office. But the point that the indorser merely forwarded the notice as an agent of the holder was not taken.

Again, notice by mail to an indorser residing in the place of payment is sufficient when he has agreed that it may be so given. He is deemed to have done so by indorsing a note payable at a bank whose established custom is to use the mail for the purpose;(*x*) or by adding his address under his indorsement; as, for example, " Trenton, Tenn.;"(*y*) "Auburn P. O.;"(*z*) or " Memphis."(*) But a memorandum on the face of a note, at its foot, in these words, " Third indorser, J. P. Harrison, lives at Vicksburg," was held insufficient to justify a finding of an agreement to receive notice of dishonor by mail.(†)

Summarizing the foregoing, the general rule may be stated to be, that, where the person giving notice and the party to whom notice is to be given reside, at the time of dishonor, in different *post-office deliveries,* or (probably) in the same delivery, but where the carrier system prevails, or (according to some authorities) where the party notified resides, outside of the corporate limits of the city or town, due notice of dishonor is deemed to have been given—though by the default of the mail never received—if it is shown that a letter containing the notice was duly addressed and posted.(‡)

WHERE NOTICE SHOULD BE SENT.—If the holder knows to which office the indorser is in the habit of resorting for his letters, notice should be addressed to that office.(*a*) although it is not at his place of residence,(*b*) or is not his nearest post-office.(*c*) If the indorser is in the habit of resorting indifferently to two post-offices, the notice may be sent to either.(*d*) Where

(*v*) Shelburne Falls Nat. Bank v. Townsley, 102 Mass. 177.

(*w*) 4 Hill, 129.

(*x*) Lime Rock Bank v. Hewett, 52 Me. 51; Chicopee Bank v. Eager, 9 Metc 583; Grinman v. Walker, 9 Iowa, 426; Benedict v. Rose, 16 S. C. 629.

(*y*) Davis v. Bank of Tenn. 4 Sneed, 390.

(*z*) Baker v. Morris, 25 Barb. 138.

(*) Tomeny v. German Nat. Bank, 9 Heisk. 493.

(†) Bowling v. Harrison, 6 How. (U. S.) 248.

(†) Compare Chalmer's Digest of Bills, (Amer. Ed.) 182, and cases cited.

(*u*) Cabot Bank v. Russell, 4 Gray, 167; Woods v. Neeld, 44 Pa. St 86.

(*b*) Morris v. Husson, 4 Sandf. 93; Reid v. Payne, 16 Johns. 18.

(*c*) Bank of Geneva v. Howlett, 4 Wend. 328; Mercer v. Lancaster, 5 Pa. St. 160; Bank of U. S. v. Carneal, 2 Pet. 543; Bank of Louisiana v. Tournillon, 9 La. Ann. 132.

(*d*) Shelburne Falls Bank v. Townsley, 102 Mass. 177; Montgom ry Bank v. Marsh, 7 N. Y. 481.

there are two post-offices in the town where the indorser resides, it is sufficient to address the notice to the town generally,(e) unless the holder knew,(f) or might have ascertained by reasonable inquiry, the particular office nearest to or used by the indorser.(g) It seems, however, that when the holder has learned the name of the town at which the indorser resides, he is not bound to make further inquiry as to the particular office used by him.(h) If an indorser wishes the notice to be directed to him at any particular place other than the post-office bearing the name of the town or incorporated village in which he resides, he should add a direction to that effect in his indorsement.* In the absence of information as to the indorser's usual post-office, the notice should be directed to his nearest office, if it can be ascertained on proper inquiry.(i) If a bill has been given or indorsed in the way of business, it is enough if the holder addresses the notice to the indorser's place of business;(j) and it is, perhaps, in the holder's option, in any case, to give notice at either the indorser's residence or place of business.(k) Notice mailed to the indorser's residence is sufficient, unless the holder knew that the indorser was in the habit of using the post-office of an adjoining town; he is not bound to make further inquiry, but may presume that the indorser receives his mail at the post-office of his residence.(l) If the indorser does not reside within the limits of any post-town, it seems that the notice may be sent to the nearest post-office.(m)

Where the indorser has no fixed place of residence, but resides at two places alternately, going back and forth frequently, notice directed to either is sufficient.(n) And where the indorser was a sea captain, it was held that the proper place to direct notice was the place where his family resided.(o) The place to which notice should be sent depends much less on the place of the indorser's exact legal domicile than upon the locality of the post-office at which he usually receives his letters.(p) "The fact of domicile is one circumstance only in determining where notice should be given."(q) Where the indorser was at Washington when the note fell due, attending to his duties as a member of congress, it was held that notice addressed to him there was sufficient, although his legal domicile was in Boston, and he had an agent there to attend to his business affairs, the holder having no knowledge of this fact.(r) But notice sent to the indorser's residence at a time when he was absent as a member of congress, has been held sufficient.(s) A temporary stay at a place

(e) Cabot Bank v. Russell, 4 Gray, 167; Remer v. Downer, 23 Wend. 620; Bank of Manchester v. Slason, 13 Vt. 334.

(f) Roberts v. Taft, 120 Mass. 169.

(g) Morton v. Westcott, 8 Cush. 425; Burlingame v. Foster, 128 Mass. 125.

(h) Remer v. Downer, 23 Wend. 620; Bank of Manchester v. Slason, 13 Vt. 334. But compare Morton v. Westcott, 8 Cush. 425.

(*) Remer v. Downer. 23 Wend. 620.

(i) Cabot Bank v. Russell, 4 Gray, 167; Woods v. Neeld, 44 Pa. St. 86; Farmers' Bank v. Battle, 4 Humph. 86; Moore v. Hardcastle, 11 Md. 486.

(j) Ierridge v. Fitzgerald, L. R. 4 Q. B 639.

(k) Van Vechten v. Pruyn, 13 N. Y. 549; Bliss v. Nichols, 12 Allen. 443.

(l) Seneca County Bank v. Neass, 3 N. Y. 442.

(m) Shedd v. Brett, 1 Pick. 401; Bank of U. S. v. Carneal, 12 Pet. 543; Union Bank v. Stoker, 1 La. Ann. 269.

(n) Exchange & Banking Co. v. Boyce, 3 Rob. (La.) 307.

(o) Fisher v. Evans, 5 Binn. 541. Compare Hodges v. Galt, 8 Pick. 251.

(p) Shelburne Falls Bank v. Townsley, 102 Mass. 177.

(q) Chouteau v. Webster, 6 Metc. 1.

(r) Id. See, also, Graham v. Sangston, 1 Md. 59. Compare, to the contrary, Walker v. Tunstall. 3 How. (Miss.) 259; 2 Sm. & M. 638.

(s) Marr v. Johnson. 9 Yerg. 1. Compare Bayley's Adm'r v. Chubb, 16 Grat. 284.

on business for a few weeks, does not make such place the indorser's residence to which notice may be addressed.(*t*)

DUE INQUIRY. If the holder exercises due, that is, reasonable, diligence in ascertaining the indorser's address, notice sent to a wrong address will be sufficient. In *Bank of Utica* v. *Bender*(*a*) his duty in this respect is succinctly stated as follows: "It is enough that the holder of a bill makes diligent inquiry for the indorser, and acts upon the best information he is able to procure. If, after doing so, the notice fails to reach the indorser, the misfortune falls on him, not on the holder. There must be ordinary or reasonable diligence, such as men of business usually exercise when their interest depends upon obtaining correct information. The holder must act in good faith, and not give credit to doubtful intelligence when better could have been obtained." What constitutes due diligence depends upon the peculiar facts and circumstances of each case, but there are certain rules which seem to be well settled.

The holder is not justified in assuming without inquiry that the place where the bill is dated is the place where the drawer resides, and notice addressed to the place of date will not charge the drawer if he resides elsewhere.(*b*) But in *Pierce* v. *Struthers*(*c*) the court say that the law presumes the residence of the drawer from the date, and therefore notice sent to the place of date is sufficient; and, under the English authorities, it is sufficient in all cases to address notice to the drawer according to the date of the bill.(*d*) Notice addressed to the drawer at "London," simply, as the bill was dated, was held sufficient; the court saying that "if the party chooses to draw a bill and date it so generally, it implies that a letter sent to the post-office and so directed will find him."(*e*) Clearly, the place of date is no evidence of the *indorser's* residence, and notice sent there will be insufficient if he resides elsewhere.(*f*)

The inquiries of the holder, or his notary, should be prosecuted among those likely to know the indorser's residence. Prior holders of the paper are proper sources of information, since a party through whose hands the paper has passed "is presumed to know the residence of the party from whom he received it, and the prior parties. They are, therefore, proper sources to which to apply for information, and when applied to and assuming to know, information given by them may be safely acted upon."(*g*) Where the holder inquired of the maker, for whose accommodation the note was indorsed by the party notified, it was held due diligence to act upon his information without further inquiry.(*h*) So held, also, where the holder of a bill inquired of the drawee as to the drawer's residence,(*i*) and where the holder inquired of the indorser of the party notified.(*j*) But where the notary inquired of the

(*t*) Walker v. Stetson, 14 Ohio St. 89.

(*a*) 21 Wend. 643.

(*b*) Lowery v. Scott, 24 Wend. 358; Fisher v. Evans, 5 Binn. 511; Carroll v. Upton, 3 N. Y. 272; Barnwell v. Mitchell, 3 Conn. 101; Foard v. Johnson, 12 Ala. 565, overruling Robinson v. Hamilton, 4 Stew. & P. 91; Tyson v. Oliver, 43 Ala. 455; Sprague v. Tyson, 44 Ala. 338; Hill v. Varrell, 3 Greenl. 233.

(*c*) 27 Pa. St. 249.

(*d*) Burmester v. Barron, 17 Q. B. 828; Clarke v. Sharpe, 3 M. & W. 166; Ex parte Baker, L. R.

4 Ch. Div. 795, 799; Mann v. Moors, Ry. & M. 219; Renwick v. Tighe, 8 W. Rep. 391.

(*e*) Clarke v. Sharpe, 3 M. & W. 166.

(*f*) Lawrence v. Miller, 16 N. Y. 235; Branch Bank v. Pierce, 3 Ala. 321. But see Sasscer v. Whitely, 10 Md. 98.

(*g*) Beale v. Parish, 20 N. Y. 407.

(*h*) Gawtry v. Doane, 51 N. Y. 84. Compare Wilson v. Senier, 14 Wis. 380.

(*i*) Lowery v. Scott, 24 Wend. 358.

(*j*) Beale v. Parish, 20 N. Y. 407; Browning v. Kinnear, 1 Gow, 81. Compare Young v. Durgin, 15 Gray, 264.

officers of the bank where the note was payable, and of an indorser, and examined the directory, without obtaining the desired information, it was held that he had not used due diligence, there being other parties to the paper residing in the place of payment of whom he might have inquired.(k) He is not, however, bound to go abroad to inquire of other parties to the paper as to the indorser's residence. Due diligence only requires inquiry of parties living in the same place and accessible to the holder.(l) If there are no parties to the paper accessible, the holder should inquire of other persons likely to know the indorser's residence—such as the officers of the bank—where the paper is payable.(m)

Due diligence only requires that the inquiry shall be pursued until it is satisfactorily answered.(n) If, upon inquiry of a person likely to know, such an answer is received as leaves no reasonable doubt upon the mind of the inquirer that the indorser's residence is ascertained, no further inquiry is necessary. The inquiries should be pursued until all sources of information are exhausted, unless a satisfactory answer is sooner received; and then the inquiries may stop.(o) On the other hand, for example, if the inquiries made leave it uncertain whether the indorser has removed from the place of payment to another place, it is the holder's duty to go to the former residence of the indorser, if he knows it, and learn the fact.(p) Where the second indorser told the holder, on inquiry, that the first indorser lived at one of two places named, but was not certain which, and the holder sent notices to both places, this was held sufficient, though the information was erroneous.(q) Merely looking into the directory of a large city, and finding what appears to be the indorser's name and address, was held not to be due diligence on the part of the notary, where there were parties to the paper of whom he might have inquired; the court remarking that " the statement found in the directory afforded the opportunity of further inquiry, and suggested its propriety, and the notary could not act without making it unless he acted at his peril."(r)

If the holder knows an indorser's residence at the time he receives the paper, and nothing occurs to suggest to him the idea of a change, he is entitled to presume that his residence remains unchanged, and notice sent to the indorser's former residence in good faith and in ignorance of his removal, though without further inquiry at the time of the dishonor, will be sufficient.(s) Where, upon discounting a note for the maker, the holder was told where the accommodation indorser resided, it was held sufficient to send notice to that address without inquiry, although the indorser had removed just before maturity. Said the court: " The plaintiff having ascertained the truth as it was at the time of the purchase might well rest upon that, and

(k) Gilchrist v. Donnell, 53 Mo. 591; Wolf v. Burgess, 59 Mo. 583. See Beveridge v. Burgis, 3 Camp 262.

(l) Branch Bank v. Pierce, 3 Ala. 321; Harger v. Bemis, 1 Sup'm. Ct. (T. & C.) 460.

(m) Barr v. Marsh, 9 Yerg. 253; Herbert v. Servin, 41 N. J. L. 225; Branch Bank v. Pierce, 3 Ala. 321.

(n) Bank of Utica v. Bender, 21 Wend. 643.

(o) Saco Nat. Bank v. Sanborn, 63 Me. 340; Harger v. Bemis, 1 Sup. Ct. (T. & C.) 460; Ransom v Mack, 2 Hill, 587; Reid v. Payne, 16 Johns. 18; Lambert v. Ghiselin, 9 How. (U. S.) 552; Spencer v. Bank of Salina, 3 Hill, 520.

(p) Hume v. Watt, 5 Kan. 34.

(q) Beale v. Parish, 20 N. Y. 407.

(r) Greenwich Bank v. De Groot, 7 Hun, 210. Compare Baer v. Sippert, 12 Hun, 516.

(s) Requa v. Collins, 51 N. Y. 144; Ward v. Perrin, 54 Barb. 89; Bank of Utica v. Phillips, 3 Wend. 408; Harris v. Memphis Bank, 4 Humph. 519; Saco Nat. Bank v. Sanborn, 63 Me. 340; Peters v. Hobbs, 25 Ark. 67.

was not thereafter called to make any inquiry into the matter until some nformation came to him which made it his duty to do so. The holders of notes and bills are not bound to a continual watch over the movements of indorsers, unless for good cause; the question of reasonable diligence arises only when there is reason for action."(*t*) Where the indorser holds himself out after his removal as still a resident, and misleads the holder into believing that he still resides at the place where he did when the paper was taken, notice to his former residence is good.(*u*) The holder is not to be presumed to know of an indorser's removal from the mere proximity of their places of residence; this is a question for the jury.(*v*) But where the indorser's removal was under circumstances of unusual publicity, notice addressed to his former residence was held insufficient.(*w*) It seems that if the holder knows of the indorser's removal, but is unable on due inquiry to learn his new residence, he should send notice to his former residence.(*x*)

If, after diligent inquiry, notice is sent to the wrong place, the holder's right of action is complete, and subsequent information of the indorser's true residence does not impose upon him the duty of sending a second notice.(*y*)

Just as the indorser is bound by notice sent in accordance with his directions, so the holder is likewise bound to send notice to an address added by the indorser to his signature.(*z*) Where an indorser added to his name "214 E. 18th street," that being his business address in New York city, it was held insufficient to address notice to him at "N. Y. City" simply.

ADDRESS. Where the letter containing notice was addressed simply to "Mr. Haynes, Bristol," it was held that the direction was too general to raise a presumption that the letter reached the particular individual intended.(*a*) But notice addressed to "Mrs. Susan Collins, Boston," has been held sufficient, though the street and number might have been learned from the directory.(*b*) Where the notice was addressed to "The legal representative of" the indorser, he having died and no administrator having been appointed, this was held sufficient.(*c*) Notice directed to a town, without naming the state, is not duly addressed where there are towns of that name in different states.(*d*) Where the indorser resided at Walnut Bottom, but there was no post-office there, the nearest being at Carlisle, the county seat, notice was held duly addressed to the indorser, "Walnut Bottom, near Carlisle."(*e*) A mistake in the name of the post-office to which the notice is sent, does not render the notice inoperative, where it appears that the post-office is as well known by one name as the other. A notice addressed to "Geddesburgh," when the name of the office was "Geddes," was accordingly held sufficient.(*f*)

(*t*) Rowland v. Rowe, 43 Conn. 432.

(*u*) Lewiston Falls Bank v. Leonard, 43 Me. 144.

(*v*) Farmers' & Mech. Bank v Harris, 2 Humph. 311; McVeigh v. Allen, 29 Grat. 588.

(*w*) Planters' Bank v. Bradford, 4 Humph. 39.

(*x*) Wilson v. Senier, 14 Wis. 380.

(*y*) Lambert v. Ghiselin, 9 How. (U. S.) 552; Merchants' Bank v. Birch, 17 Johns. 25. Contra dictum, Beale v. Parish, 20 N. Y. 407.

(*z*) Bartlett v. Robinson, 39 N. Y. 187; Peters

v. Hobbs, 25 Ark. 67; Farmers' & Mech. Bank v. Battle, 4 Humph. 86.

(*a*) Walter v. Haynes, Ry. & M. 149. But see Mann v. Moors, Id. 249.

(*b*) True v. Collins, 3 Allen, 438.

(*c*) Boyd's Adm'r v. City Savings Bank, 15 Grat. 501.

(*d*) Beckwith v. Smith, 22 Me. 125.

(*e*) Weakly v. Bell, 9 Watts, 273. See Bank of U. S. v. Carneal, 2 Pet. 543; Bateman v. Joseph, 12 East, 433.

(*f*) Bank of Geneva v. Hawlett, 4 Wend. 328.

SERVICE BY MAIL IS COMPLETE when a letter containing the notice, duly addressed and stamped, is deposited in the post-office, or delivered to a letter-carrier on his route,(a) or deposited in a postal box attached to a lamp-post.(b)                                                          WAYLAND E. BENJAMIN.

*New York City.*

(a) Wynen v. Schappert, 6 Daly, 553. Compare Skilbeck v. Garbett, 14 L. J. Q. B. 338; 7 Q. B. 846.

(b) Mechanics' & T. Bank v. Crow, 5 Daly, 191; Greenwich Bank v. De Groot, 7 Hun, 210.